DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant, Chandra A., and awarded permanent custody of two of her minor children to the Lucas County Children Services Board ("LCCSB").
 {¶ 2} At approximately 1:30 a.m. on June 9, 2004, two Toledo police officers discovered three of appellant's children wandering down Cherry Street in downtown Toledo, Lucas County, Ohio. These children were Chauncy A., then eleven years old; Chandra Emily-Frances A., then nine years old; and Kei Chan A., then three years old. All three children were wearing pajama bottoms and T-shirts and were shoeless. The children explained that they were looking for someone to take them to their father's house because they had not seen their mother all day. The children later claimed that their mother locked them out of her house.
 {¶ 3} The children knew their paternal grandmother's address; thus, the officers took the children to their grandmother's house where they learned that a fourth child, Nicholas A., then eight years old, was missing. Stewart A., the children's father, arrived at his mother's home and the officers left the children in his care. The police then went to appellant's home, but there was no one there. The paternal grandmother later called appellant, who then retrieved the three children from their grandmother's home. Nicholas was discovered at the home of one of appellant's neighbors, arrested for "safekeeping," and taken to the LCCSB for temporary placement.
 {¶ 4} On June 9, 2004, LCCSB held a family staffing conference. Appellant appeared at the conference; however, she did not bring Chauncy, Chandra, and Kei Chan with her. Later that same day, the agency sought and obtained an order granting the removal of all three children from appellant's possession and for their placement in temporary shelter care. Appellant declined to obey the court order and kept the children hidden until August 2004.
 {¶ 5} On June 10, 2004, LCCSB filed a complaint asking the juvenile court to find that Chauncy, Chandra, Nicholas, and Kei Chan were dependent and neglected children and seeking permanent custody of these children. On July 29, 2004, the children's father filed a motion requesting the juvenile court to award him legal custody of his children.
 {¶ 6} On August 27, 2004, Chara R., the children's aunt, filed a motion to intervene in the proceedings below and for legal custody of the four children. On September 2, 2004, the court held the adjudicatory hearing on the complaint in dependency and neglect. On the morning of that hearing, Holly T., the half-sister of the children also filed a motion to intervene and for legal custody of her siblings. The trial court found that the motions were untimely and specifically noted that Holly T. never acted in loco parentis to Chauncy, Chandra, and Kei Chan.
 {¶ 7} The dispositional hearing was held on September 3, 2004. At the commencement of that hearing, the parties agreed that Stewart A. would be awarded legal custody of Chauncy and Chandra. Therefore, the hearing proceeded only on the question of whether LCCSB should be awarded permanent custody of Nicholas and Kei Chan.
 {¶ 8} The evidence offered at the dispositional hearing revealed that appellant has an extensive history with LCCSB. With regard to the four children involved in the present case, Scherita Elam testified that she became the family's caseworker in November 2001. At that point, the children had already been in the temporary custody of LCCSB on at least one other occasion and, upon their mother's successful compliance with her case plan, been returned to her legal custody under the protective supervision of the children services agency. Nevertheless, appellant was unable to apply the skills that she had learned to parent her children and the children were again removed from her home.
 {¶ 9} Elam stated that appellant was offered, inter alia, anger management therapy and parenting, domestic violence, and life skill classes. Upon her successful completion of this case plan, appellant, in May 2001, was reunited with her children under protective supervision of the LCCSB and with the requirement that she not use any physical punishment. That arrangement was short-lived when, in July 2001, appellant physically abused Chandra. The agency later learned that appellant did not have housing and subsequently filed a motion for permanent custody. Appellant, however, again availed herself of the services offered by LCCSB, and the motion for permanent custody was dismissed.
 {¶ 10} In June 2002, custody of one of the children, Chandra, was restored to appellant, who was required to continue with her services and to obtain housing suitable for all four children. Before complete reunification was achieved, the agency learned that appellant misrepresented the fact that she had acquired stable housing and removed Chandra from her care. LCCSB then filed a second motion for permanent custody.
 {¶ 11} In May 2003, appellant again successfully finished her case plan services. Nonetheless, the children were not returned to appellant's care because she and Stewart were engaged in an attempt to reach an agreement with relation to a shared parenting plan. This attempt failed. In March 2004, the juvenile court denied LCCSB's second motion for a continuance, dismissed the case, and the custody of all four children was returned to their mother. As stated infra, some two months later, the June 9, 2004 incident led to LCCSB's final motion for permanent custody.
 {¶ 12} After the dispositional hearing, the trial court entered a judgment granting Stewart's motion for legal custody of Chandra and Chauncy. The court terminated the parental rights of both parents to Nicholas and Kei Chan and awarded permanent custody of these children to LCCSB. In reaching its judgment, the court found that despite the extensive and repeated services provided by LCCSB to appellant and her children, appellant "was no more able to control her children or meet their parenting needs than she was when the first case was filed." Appellant appeals this judgment and asserts that the following error occurred in the proceeding below:
 {¶ 13} "The trial court erred in granting permanent custody to the Lucas County Children Services Board as Lucas County Children Services Board failed to show by clear and convincing evidence that it is in the best interest of the children that permanent custody be awarded to the Lucas County Children Services Board."
 {¶ 14} Generally, parents have a paramount right to custody of their minor children. In re Murray (1990), 52 Ohio St.3d 155, 157. However, this right is not absolute. Under Ohio law, a juvenile court can determine whether the parents of a child who is not abandoned or orphaned "cannot be placed with either of his parents within a reasonable time or should not be placed with the child's parents." R.C. 2151.414(E)(1). This standard is satisfied only if clear and convincing evidence of one of the sixteen conditions listed in R.C. 2151.414 is adduced at a hearing. R.C.2151.414(B)(1); In re Matthew R.A., 6th Dist. Nos. L-04-1088, L-04-1104, 2004-Ohio-6470, at ¶ 21.
 {¶ 15} Once this standard is satisfied, a juvenile court must also determine, by examining factors relevant to that case, whether clear and convincing evidence supports a finding that it is in the best interest of the child to terminate the natural parents' rights and award permanent custody of the child to a children services agency. R.C. 2151.414(B)(1). Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 16} In the case under consideration, the trial court found, in essence, that the condition set forth in R.C. 2151.414(E)(1)[1]
existed. Appellant does not challenge this holding. She does, however, assert that the trial court's judgment entry fails to mention "what is in the best interest of the children factually" or to set forth any support for the court's determination that it is in the best interest of Nicholas and Kei Chan to terminate their mother's parental rights and award permanent custody to LCCSB. Appellant argues that this failure makes it impossible to review the lower court's decision on the question of manifest weight. Furthermore, appellant contends that failing to place Nicholas and Kei Chan with relatives deprives them of any relationship with their siblings.
 {¶ 17} R.C. 2151.414(D) requires a juvenile court to consider all the relevant factors, including, but not limited to the following, in determining the best interest of a child:
 {¶ 18} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 19} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 20} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 21} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 22} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 23} This court previously held that statutes mandating that certain factors be considered in determining the best interest of a child do not generally require a juvenile court to express that consideration in its judgment entry. In the Matter of: Shawn W. (Sept. 30, 1996), 6th Dist. No. L-95-267. See, also, In the Matter of: Devin Hershberger, 3d Dist. Nos. 1-04-55 and 1-04-61, 2005-Ohio-429, at ¶ 28.
 {¶ 24} Here, the trial court's judgment entry found that it was in the best interest of Nicholas and Kei Chan to award permanent custody to LCCSB. The court's judgment, as well as the record of this cause reveal that the trial court considered the relevant factors in R.C. 2151.414(D) in reaching this decision.
 {¶ 25} In his judgment, the juvenile judge noted that appellant was fully aware of the behavior problems exhibited by her children, especially Nicholas, who was diagnosed as having Attention Deficit Hyperactivity Disorder and constantly ran away from home. The court stated that despite this knowledge and all the services offered to and completed by appellant, she could not deal with this problem in a proper manner. Instead, appellant put bars on the windows of her home and installed a security system that not only prevented entrance into the house, but also precluded egress from the home unless one had a key. The court further observed that when Nicholas "escaped" on June 9, 2004, appellant went looking for him in the middle of the night leaving the other three children alone.
 {¶ 26} As for appellant's relationship with her children, the court discussed the numerous times that they were removed from her care and the lack of stability in that relationship. The record also discloses that appellant, on previous occasions, physically abused her children. In its judgment entry, the court below points out that the father of the children has a responsible, professional job that requires him to work many hours per week and that, in addition to Chauncy and Chandra, who have also been diagnosed as having Attention Deficit Hyperactivity Disorder, he has three other children residing in his home. The court therefore accepted the fact that it would not be in the best interest of Nicholas and Kei Chan to be placed in the custody of their father.
 {¶ 27} On the issue of the other relatives who filed motions for legal custody of the children, the record fails to reveal that either of these women had any cognizable right to associate with these children, ever stood in loco parentis to these children or, in any way expressed any interest in Nicholas and Kei Chan. See In re Cunningham Children, 5th Dist. Nos. 2003CA00042 and 2003CA00090, 2003-Ohio-3176. In addition, their motions to intervene and request for legal custody of the children were untimely. Juv.R. 22(E)(1).
 {¶ 28} With regard to the children's other relatives, the report and testimony of the children's guardian ad litem, Ernest Brookfield, M.D., supports the finding of the trial court. Brookfield stated that when appellant's sister had temporary custody of the children for three months, she would frequently leave them with her teenage daughter or the maternal grandmother, who physically abused her own children and finds corporal punishment acceptable. Thus, Brookfield recommended that the children not be placed with any of their maternal relatives.
 {¶ 29} It is undisputed that Nicholas and Kei Chan were in the temporary custody of the LCCSB for far more than 12 months of a consecutive 22 month period ending on or after March 18, 1999. Considering the behaviors of the children, especially Nicholas, the record establishes, as recognized by the trial court, that they are in need of a secure placement. Although the older children expressed a wish that they all be returned to the custody of one or both parents, their guardian ad litem emphasized that keeping them together throughout the entire proceedings below had not "worked out" and that, due to their great need for stability, it was no longer feasible to try to keep the children together. He therefore recommended that LCCSB be awarded permanent custody of Nicholas and Kei Chan.
 {¶ 30} Based upon all of the foregoing, we find that the trial court's judgment entry coupled with the record of this cause, was sufficient for the purpose of our review and that clear and convincing evidence supports the conclusion that an award of permanent custody to LCCSB is in the best interest of Nicholas and Kei Chan. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 31} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J. concur.
[1] This condition exists when clear and convincing evidence establishes that despite the children services agency's reasonable case planning and diligent efforts, the parent or parents are unable to remedy the conditions that caused the child to be placed outside the child's home.